UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN, #181813, )
          Plaintiff, )
           )   No. 1:15-cv-1194
-V- )
           )   HONORABLE PAUL L. MALONEY
JOAN ALFREY, et al., )
          Defendants. )
           )

## ORDER

This is a civil rights action brought by state prisoner Robert Hoffman pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Hoffman's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Ray Kent (R&R ECF No. 131; Objection ECF No. 136). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Hoffman brings six objections to the R&R, which the Court will address in the order presented. First, he argues that the medical examination Defendant Joan Alfrey performed on February 5, 2015 was so cursory that it did not amount to an examination at all, citing *Phillips v. Roane County, Tennessee*, 534 F.3d 531 (6th Cir. 2008). However, Hoffman did not present this argument to the magistrate judge. The Court need not consider arguments for the first time in objections to R&Rs. *See Murr v. United States*, 200 F.3d 895, 901 n. 1(6th Cir. 2000) (collecting cases). Accordingly, this objection need not be reviewed, and it is overruled.

Second, Hoffman argues that Magistrate Judge Kent improperly weighed the credibility of witnesses when he found that the MDOC Defendants "devised a treatment plan to see the doctor in the morning" (R&R, ECF No. 131 at PageID.1726). But Magistrate Judge Kent did not need to weigh the credibility of various witness accounts to reach this conclusion: it is included in Hoffman's medical records (*see* ECF No. 96-1 at PageID.1187 ("Placed on add-on list for MD visit in am.")). This objection is overruled.

2

Third, Hoffman argues that the R&R improperly failed to reach the subjective component of his Eight Amendment claim, and the failure to provide any analysis of the Defendants' state of mind requires reevaluation by this Court. The Court disagrees: Magistrate Judge Kent concluded that Hoffman had not established the subjective component of his claim, and accordingly, the R&R did not reach the objective component of the claim. There is no need to perform an unnecessary analysis, and accordingly, there is no error in the R&R on this point. This objection is overruled.

Fourth, Hoffman alleges that the R&R failed to consider the affidavits from other prisoners he provided. However, the R&R explicitly states that it considered these affidavits (ECF No. 131 at PageID.1720). The fact that the R&R chose not to quote these affidavits is not an error, and this objection is overruled.

Fifth, Hoffman argues that a late entry in his medical records (entered on February 9, 2015 with details from February 5, 2015) was false, and he takes issue with the R&R's failure to address this point. However, Hoffman supports this with only his own allegation that it was falsified: he provides no evidence in support of this position. A mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The Court finds that Hoffman's self-interested statement, without any evidence to support it, is insufficient to create a question of material fact on this issue, and therefore, the objection will be overruled.

Relatedly, Hoffman takes issue with a separate medical entry from February 9, 2015, where Defendant Rexford entered Hoffman's vital signs into the record (*see* ECF No. 94-1 at PageID.1188). At that time, Hoffman was at the hospital, not at the prison, so Rexford

could not have taken Hoffman's vitals. Neither Hoffman nor Rexford provide an explanation for this apparent error, but the Court finds that it is immaterial because it has no bearing on Hoffman's deliberate indifference claim. Clearly Hoffman was receiving medical attention by February 9, 2015: he was at the hospital. The entry by Rexford does not bear on the claim of indifference. There is no error in the R&R here, so this objection will be overruled.

Finally, Hoffman takes issue with the R&R's statement that "a non-party nurse saw plaintiff during the early morning hours of February 6th" (R&R, ECF No. 131 at PageID.1726). Hoffman argues, and his medical records confirm, that he only spoke with a nurse by phone, he did not physically *see* a nurse. The Court again finds this distinction immaterial: the word choice in this sentence is not an error that requires the Court's correction, particularly because in the statement of facts, the R&R notes that "plaintiff spoke with" the non-party nurse (*Id.* at PageID.1722). This objection is overruled.

## Conclusion

The Court finds no error in the R&R, and accordingly, all objections will be overruled, and the R&R will be adopted as the opinion of the Court. The matter will be terminated, and Plaintiffs' outstanding motions requesting a status conference (ECF No. 139) and appointment of counsel (ECF No. 143) will be dismissed as moot. Accordingly,

**IT IS ORDERED** that the June 7, 2019 R&R (ECF No. 131) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 136) is **OVERRULED**.

4

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 94, 97) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motions (ECF No. 139, 143) are **DISMISSED** as moot.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  November 2, 2020                                 /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge